P.S. Marcato El. Co., Inc. v Scottsdale Ins. Co.

2026 NY Slip Op 02929

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

P.S. Marcato Elevator Co., Inc., Appellant,

v

Scottsdale Insurance Co., et al., Respondents. (And a Third-Party Action.)

Decided and Entered: May 12, 2026

Index No. 655259/19, 595038/20|Appeal No. 6604|Case No. 2024-04585|

Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

McGuireWoods LLP, New York (Matthew D. Fender of counsel), for appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Sarah M. Ziolkowski of counsel), for Scottdale Insurance Company, respondent.

Herrick, Feinstein LLP, New York (Shivani Poddar of counsel), for National Union Fire Insurance Company of Pittsburgh, PA., respondent.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 3, 2024, which, to the extent appealed from as limited by the briefs, granted so much of the summary judgment motion of defendant/third-party plaintiff Scottsdale Insurance Company as sought a declaration that it has no further duty to indemnify plaintiff concerning certain underlying lawsuits, denied plaintiff's cross-motion for declaratory relief against Scottsdale, denied plaintiff's motion for declaratory relief against defendant National Union Fire Insurance Company of Pittsburgh, PA, and granted National Union's cross-motion declaring that it has no duty to indemnify plaintiff, unanimously affirmed, without costs.

Contrary to plaintiff's contention, the Construction Project endorsement in the primary Scottsdale policy, which states, "Designated Construction Projects(s): All Projects," is unambiguous. The phrase "all projects" cannot be read in isolation from the heading "Designated Construction Projects(s)," and the phrase therefore refers only to plaintiff's construction projects, not all of plaintiff's projects (see Dreisinger v Teglasi, 130 AD3d 524, 528 [1st Dept 2015]). A contrary reading would render "construction" superfluous because if "all projects" encompasses every conceivable project, the qualifier "construction" adds no independent meaning or limitation (see Spaulding v Benenati, 57 NY2d 418, 425 [1982]). It would also render the $2 million general aggregate limit superfluous because the Construction Project endorsement gives "[a] separate Designated Construction Project General Aggregate Limit [that] applies to each designated construction project." Extrinsic evidence is not admissible to determine the meaning of the endorsement, as it is unambiguous on its face (see Brad H. v City of New York, 17 NY3d 180, 186 [2011]).

Plaintiff has not presented "clear, positive and convincing evidence" needed to show that reformation of the primary Scottsdale policy is appropriate (313-315 W. 125th St. L.L.C. v Arch Specialty Ins. Co., 138 AD3d 601, 602 [1st Dept 2016] [internal quotation marks omitted]). Reformation based on mutual mistake requires the parties to have reached an oral agreement, but the record does not show they reached one (see Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]). Even assuming an oral agreement, plaintiff's evidence reflects only certain individuals' interpretations of the policy.

Plaintiff was not entitled to indemnification based on the Cross Liability exclusion in the Scottsdale excess policy. We have held that a similarly worded cross liability exclusion "unambiguously exclude[d] coverage" (DRK, LLC v Burlington Ins. Co., 74 AD3d 693, 694 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). Plaintiff's argument that nonparty 61 Broadway was not an additional insured improperly appears for the first time on appeal and is contrary to its admission before the motion court that 61 Broadway was in fact an additional insured.

[*2]

Moreover, plaintiff was not entitled to indemnification based on the Employer's Liability exclusion in the National Union policy. Having previously analyzed identical language, we concluded that it "unambiguously excludes" an employer from recovering against its excess insurer when the employer had a workers' compensation policy that "provided for unlimited coverage for a worker's 'grave injury'" (Bosquez v RXR Realty LLC, 195 AD3d 536, 537 [1st Dept 2021], lv dismissed 37 NY3d 1226 [2022]). This case presents such a circumstance.

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026